LEGGO
*v.*
NEW ORLEANS
CANAL AND
BANKING COM-
PANY.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## McMullen *v.* Jewell.

An amended petition may be received even after the trial has commenced, where its only object is to correct a mistake in the name of the plaintiff, e. g. by substituting *Joseph* for *John*. *Per Curiam:* Amendments are reducible to no certain rule; each case must be left to the sound discretion of the court. An amendment should or should not be permitted as it will tend to the furtherance of justice; provided that amendments to the petition do not alter the substance of the demand, and those to the answer be not of a dilatory kind. C. P. 419, 420.

A judgment will not be reversed for an error in condemning a party to pay a small portion of the costs, for which he was not liable, unless it be shown that the error was brought to the notice of the lower court, and that it refused to correct it.

APPEAL from the District Court of Pointe Coupée, *Farrar*, J. *Ratliff* and *Cowgill*, for the plaintiff. *Lacoste*, for the appellant. The judgment of the court was pronounced by

Rost, J. This suit was brought on an open account in the name of *John T. McMullen.* The account annexed to the petition is in the name of *Joseph T. McMullen.* An exception taken by the defendant to the first service of proces made upon him, was sustained by the court, and a new service ordered and made. On the trial of the suit the plaintiff obtained leave to file an amended petition by which the name of *Joseph T. McMullen* was substituted to that of *John T. McMullen.* To this a bill of exceptions was taken by the defendant, who now appeals from the judgment rendered against him in favor of *Joseph T. McMullen.* His counsel alleges that the judge erred: *first,* in allowing the amended petition to be filed, after the trial had commenced; *secondly,* in condemning the defendant to pay all the costs, whereas the plaintiff should have been adjudged to pay those made in the service of the first citation, which was decreed to be illegal.

Amendments are reduceable to no certain rule. Each particular case must be left to the sound discretion of the court; and the best principle is that, an amendment should or should not be permitted to be made as it would best tend to the furtherance of justice; provided that the amendments made to the petition do not alter the substance of the demand, and that those made to the answer be not of the dilatory kind. Code of Practice, arts. 419, 420. This principle was recognized by the late Supreme Court in the case of *Debuys* v. *Mollere*, 2 Mart. N. S. 625. It has been invariably acted upon ever since; and the application it received in *Lalande* v. *Terrell*, 12 La. 8, is decisive against the appellant.

McMullen
v.
Jewell.

It may be that there was error in condemning the defendant to pay the costs of an illegal citation. But it is an error which he should have asked the inferior court to correct. We have frequently held, that we would not reverse judgments on account of trifling errors, unless it was shown by the record that those errors had been brought to the notice of the judge, and that he had refused to correct them. We deem these proper cases for the application of the legal maxim, *De minimis non curat lex. Hown* v. *Grailhe,* 1 Ann. Rep. 140. [See also *Medley* v. *Voris,* 2 Ann. Rep. 140. *Amis* v. *Merchauts Ins. Co.* Ib. 594. *Angelloz* v. *Risollet,* Ib. 651. R.] Had this last rule of practice been settled for as long a period as that concerning amendments in pleadings, we would have allowed the appellee the damages he claims. But as the appellant may not have been aware of its existence, we will simply affirm the judgment.

*Judgment affirmed,*